1 | Amina Trinity Bennett-Martin
2 | 2665 W. Buena Vista Dr.
  | N. Rialto, CA 92377
3 | 909-574-1980
4 | 2theNewportbeachatnoon@gmail.com

5 | Plaintiff, In Pro Per



FILED
2016 JUN -3 PM 1:47
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY ___

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMINA TRINITY BENNETT-MARTIN, an individual,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SAN BERNARDINO VALLEY COMMUNITY COLLEGE, a local public entity; COUNTY OF SAN BERNARDINO, a local public entity; OFFICER JOSE PLACENCIA, an individual; OFFICER KENNETH STILLS, an individual; OFFICER TOMAYO, an individual; DEPUTY A. ROCHESTER, an individual; DEPUTY J. BRAUM, an individual; DEPUTY OLEAVES, an individual; DEPUTY A. VALACAS, an individual; DEPUTY G. SANCHEZ, an individual; DEPUTY K. SANDOVAL, an individual; DEPUTY CAREGO, an individual; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No. ED CV16-01165 MWF (KS)<br><br>**COMPLAINT FOR CIVIL DAMAGES**<br><br>1. VIOLATION OF 42 U.S.C. § 1983 [INDIVIDUAL LIABILITY]<br>2. VIOLATION OF 42 U.S.C. § 1983 [MUNICIPAL LIABILITY-*MONELL*]<br>3. ASSAULT<br>4. BATTERY<br>5. NEGLIGENCE<br>6. FALSE IMPRISONMENT<br>7. NEGLIGENT HIRING, TRAINING AND RETENTION<br>8. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br>9. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS<br><br>**DEMAND FOR JURY TRIAL** |



1

COMPLAINT FOR CIVIL DAMAGES

## NATURE OF THE ACTION

1. This is a civil rights action for compensatory and punitive damages, brought by Plaintiff against County of San Bernardino law enforcement officers, who conducted an illegal detention, subjected Plaintiff to assault, battery, false imprisonment, intentional infliction of emotional distress and negligent infliction of emotional distress. Defendants further engaged in an impermissibly invasive search, relative to Plaintiff's person. These actions were all taken in violation of Plaintiff's rights, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, made applicable to the states via 42 U.S.C. § 1983.

2. Plaintiff asserts that Defendants, by and through their actions as alleged herein, are in violation of her civil rights. Plaintiff is informed and believes, and thereupon alleges, that because of the facts, conditions, and circumstances set out herein, an actual, justiciable controversy exists between the parties.

3. Plaintiff seeks monetary damages to compensate him for the unreasonable and unlawful actions of Defendants, and each of them.

## JURISDICTION AND VENUE

4. Defendants' acts and omissions, as more fully alleged herein, violate federal and state laws. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a) (3) and (4).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (e) (1) and (2) in that the unlawful acts and practices occurred in the County of Los Angeles, an area that is within this judicial district. The claims for relief from the violations of California law alleged in this Complaint for Civil Damages, and the claims for relief from the violations of federal law also alleged and which predominate this Complaint for Civil Damages, are based on a common nucleus of operative facts. Judicial economy, convenience and fairness to the parties will result if the Court assumes and exercises jurisdiction of the action for relief from the violations of California law below alleged.

2
COMPLAINT FOR CIVIL DAMAGES

## THE PARTIES

6. Plaintiff Amina Trinity Bennett-Martin is a Black female, an individual resident of the County of San Bernardino, within the State of California. At all times relevant to this Complaint for Civil Damages, Plaintiff was a citizen of the United States.

7. Defendant County of San Bernardino ("County") is a municipality, duly organized under the laws of the State of California. At all relevant times, the s County Sheriff's Department was a branch or agency of County.

8. Individually named are individual employees of County. At all times mentioned herein, these individual defendants were employed as Sheriff's Deputies or law enforcement officers for Defendant County.

9. Defendant Deputies are sued as individuals and in their official capacities as Deputies for County. By engaging in the conduct described within the instant Complaint for Civil Damages, Defendant Deputies acted under the color of law, in the course and scope of their employment for Defendant County. By engaging in the conduct described here, Defendant Deputies exceeded the authority vested in them as Sheriff Deputies under the United States Constitution and as employees of the County.

10. Plaintiff is ignorant of the true names and capacities of those persons sued herein as "DOES 1 through 10, inclusive" and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint for Civil Damages to allege these Defendants' true names and capacities, if and when they are ascertained. Plaintiff is informed and believes, and on such basis alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged herein and that Plaintiff's damages were caused by such Defendants.

11. Plaintiff is informed and believes and upon such basis alleges that each Defendant is, and at all times mentioned was, the agent, employee, representative, successor and/or assignee of each other Defendant. Each Defendant, in doing the acts,

or in omitting to act as alleged in this Complaint for Civil Damages, was acting within the scope of her or her actual or apparent authority or the alleged acts and omissions of each Defendant as agent subsequently were ratified and adopted by each other Defendant as principal. All non-municipal, individual Defendants acted or failed to act in the face of an obligation to do otherwise, and did so maliciously and with reckless disregard for Plaintiff's rights and thus are liable for punitive damages.

12. Plaintiff is informed and believes and upon such basis alleges that all Defendants, at all times relevant to the allegations herein, acted under the color of state law, and each non-government entity Defendant is sued in both her individual and official capacities. Liability under federal law for all government entity employees is based upon 42 U.S.C. § 1983.

## FACTUAL ALLEGATIONS

13. On June 3, 2014, Plaintiff was seated at a bus stop, 632 S Mt Vernon Ave, San Bernardino, CA 92410, waiting to catch the bus to go home. She noticed that there was a bug on her bracelet, and instead of killing it, she released it on a vine that had grown through a fence. As she sat back down to continue waiting for the bus, a Police Officer pulled next to the bus stop where Plaintiff was sitting, and asked her what she was doing. She explained that she was releasing a bug, and waiting to catch the city bus home.

14. The officer saw graffiti that was obviously, undeniably old, as it was plainly dry and deteriorating near the vicinity of the bus stop. The Police Officer abruptly accused her of tagging the fence. In an attempt to prove to the officer that she had not tagged the fence, Plaintiff dragged her finger over the old graffiti and showed the officer that it was dry. The police officer continued to harass Plaintiff, persistently accusing her of graffiti. She asked the officer to stop harassing her, and that she knows her rights.

15. Again, the officer continued to accuse her. Plaintiff permitted for the

officer to search her purse in order to, again, prove her innocence, but the officer refused. The officer asked Plaintiff for identification, and she complied. By this time, the bus Plaintiff was suppose to be on had arrived and departed. The Police Officer handcuffed Plaintiff and walked her over to the police vehicle. While being placed in the back of the police vehicle, Plaintiff was told that she's being detained. The Police Officer searched through her purse, but no markers, spray cans, etc., were found in her possession; nothing was found that could be used to produce graffiti.

16.  Rather than apologize and let Plaintiff go home, or citing her to promise to appear in court, the Police Officer took her into the San Bernardino Community College Police Station where she was read her Miranda Rights, handcuffed to a bench, and had her purse searched again. Plaintiff was approached by the arresting officer, Jose Placencia and another officer, Kenneth Stills, both male, informing her that she too was going to be searched by them, again. Plaintiff made several requests and demands for a female officer to search her person, but she was denied. Instead, the two Police Officers took Plaintiff out of the police station back to a private, enclosed area, in the Police Parking lot, where she was inappropriately handled and molested by the arresting officer while the other officer watched. Plaintiff was transported to the San Bernardino County Jail, where the J. Placencia got on her personal cell phone and asked for a favor.

17.  There she was unlawfully imprisoned and charged with a PC 148 (a) (1), for four days. She was search yet again, but this time, by a female officer, A. Rochester. This search was self-guided. Whatever Rochester said, Plaintiff complied. After waiting in a small jail cell to be completely processed, Plaintiff was taken into a room with stalls where she was forced to submit to a strip search and cavity search by Deputy Carego.

18.  On the third day of her stay in jail, Plaintiff was transported from San Bernardino Central Detention Center to West Valley Detention Center, for her arraignment, to which she spent ten hours waiting but was denied to go before Judge

COMPLAINT FOR CIVIL DAMAGES

Michael W. Dest. No charges were filed against her. Forty-eight hours later, Plaintiff was released. Upon her release, she was given no court date, or notice to appear in court. For this false arrest, Plaintiff spent four days in jail.

19. On July 17, 2014, over a month and a half later, while in the process of going into her math class with other students, Plaintiff was approached by a campus policeman and two campus security guards. She was asked if she was "Tiffany Bettencourt", to which she stated she was not. She was arrested again, based on a warrant generated on July 16th, by the judge and police at the San Bernardino County Courthouse. They maliciously listed her as a fugitive, and unjustly charging her with anther PC 148(a) (1). Again, Plaintiff was taken to a private, undisclosed area, of the Police Parking lot. She was placed in the Police vehicle, and taken back to San Bernardino County Jail. In jail, she appeared for her arraignment before the same judge, pled not guilty to the charges, and was ordered to reappear in court August 8, 2014. She was released on her own recognizance, and for this false arrest, Plaintiff spent over three days in jail.

20. On August 8, 2014, Plaintiff appeared on her ordered court date. She was offered different plea bargains such as house arrest, several times, to which she refused all of them. Plaintiff was ordered to return again, for a pretrial hearing set for September 4, 2014. Less than thirty minutes after arriving at her residence, after her court appearance, the same day, the doorbell rings and there are two Police Officers and a K-9 Unit outside of the front door. The Police Officers wanted to speak to Plaintiff. When Plaintiff came outside to speak with the officers, they immediately arrested her. They told her family there was a warrant for her arrest, however, they refused to present the warrant. She was given yet another PC 148(a) (1); Plaintiff was taken to West Valley Jail. Fearing grave harm and that she would be further set up, her family sacrificed to post a $25,000 bond for her release. For this false arrest, Plaintiff spent a total of two days in jail.

21. On September 4, Plaintiff appeared in court before the same judge, Michael W. Dest, who signed the two warrants. The Public Defenders Office, who is currently representing Plaintiff, informed the judge that the two arrest warrants he signed were from the first case which began on June 3, 2014. The District Attorney wants her to plead guilty to an infraction just to dispose of the case and save face. They tried to get her to plea to jay walking, and, or, three other minor crimes. But why should she when she is not guilty? Doing so would result in a criminal conviction, on her record, which would, in turn, destroy her academic career, including any scholarship opportunities, and any future employment. Plaintiff is refusing any deals because she's innocent.

22. Having no case against Plaintiff, but obviously upset and embarrassed because she knew her rights and then had violated them, these corrupt, obtuse officers refused to simply let her catch the bus home, or go to class. Instead they conspired to weave a web of corruption and abused their authority. The police made a fool of the judge who signed arrest warrants, abused and made a mockery of the San Bernardino Court and District Attorney's office. Even with this irrefutable evidence, the D.A. is refusing to drop the charges of PC 148 (a) (1) – the police's "catch all" charge when they don't have anything else. This is a so-called "obstructing a police officer" charge – simply saying "I know my rights" or asking for clarity, to see paperwork, warrants, etc (which is every citizen's right) can be and was twisted, and abused by the police.

23. Each of the charges levied against Plaintiff have been dismissed with prejudice, following jury trial. Plaintiff has been exonerated.

24. Government Claims for Tort Damages, have been timely presented, in substantial compliance with California Government Code §910. This Claim for Tort Damages was tendered with respect to injuries sustained by Plaintiff as a result of the incident set forth herein. Each Tort Claim has been rejected by operation of law, accompanied by requisite Notice. This lawsuit has been initiated well within the allowable timeframe.

## FIRST CAUSE OF ACTION FOR VIOLATION OF 42 U.S.C. § 1983
## (CONSTITUTIONAL DEPRIVATION UNDER COLOR OF LAW)
### (By Plaintiff against Individual Defendants)

25. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 24, inclusive, as if fully set forth herein.

26. Defendant law enforcement officers, and each of them, caused Plaintiff to be deprived of rights, privileges, and immunities secured to her by Constitution of the United States and laws enacted thereby, when they engaged in the acts above described. The rights which have been violated include, but are not limited to:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

   b. The right not to be deprived of life or liberty without the due process of law, as guaranteed by the Fifth and Fourth Amendments to the United States Constitution;

   c. The right to be free from the use of excessive force by law enforcement officers, which is guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution;

   d. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution;

27. As a direct and legal result of the conduct of Defendants as set forth above, Plaintiff has suffered special damages for physical and emotional harm pursuant to the aforescribed adverse consequences, in an amount not yet fully known. As set forth above, Plaintiff suffered and will continue to suffer special damages, in an amount not yet ascertained, for emotional, physical and psychological injuries he suffered as a direct and legal result of the conduct of Defendants.

28. As a direct and legal result of the conduct of Defendants as set forth above, Plaintiff suffered general damages including but not limited to economic injury, damage to her reputation, pain and suffering, humiliation, embarrassment, and grievous emotional, physical and psychological injury. Defendant Deputies, by their

actions as set forth above, have engaged in despicable conduct, exposing Plaintiff to cruel and unjust hardship, with the intention to cause injury to Plaintiff and with conscious disregard of her rights. Defendant Deputies occupied positions of trust which gave them power to inflict physical and emotional harm to Plaintiff. Defendants abused those positions of trust by maliciously and oppressively subjecting Plaintiff to the circumstances aforescribed. Plaintiff is therefore entitled to punitive damages, in an amount to be pleaded and proven at trial.

## SECOND CAUSE OF ACTION FOR VIOLATION OF 42 U.S.C. § 1983
## (COLOR OF LAW CONSTITUTIONAL DEPRIVATION)
### (By Plaintiff against Defendant County of Los Angeles)

29. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 28, inclusive, as if fully set forth herein.

30. The County, by and through its supervisory officials and employees, has been given notice on repeated occasions of a pattern of ongoing constitutional violations and practices by Defendant Deputies herein, and other County Deputies, consisting of racial profiling, illegal detentions of Black citizens, excessive force against Black citizens and illegal searches of vehicles operated by Black citizens.

31. Despite said notice, Defendant County has demonstrated deliberate indifference to this pattern and practice of constitutional violations by failing to take necessary, appropriate, or adequate measures to prevent the continued perpetuation of said pattern of conduct by County Deputies. This lack of adequate supervisory response by Defendant County demonstrates the existence of an informal custom or policy that tolerates and promotes the continued use of racial profiling, illegal searches, and seizures, excessive force and violations of civil rights of Black citizens by County Deputies.

32. The acts of Defendant Deputies alleged herein are the direct and proximate result of the deliberate indifference of Defendant County and its supervisory officials and employees to violations of the constitutional rights of

9
COMPLAINT FOR CIVIL DAMAGES

persons by Defendant Deputies herein and other deputies of County. Plaintiff's injuries were foreseeable and proximate results of the deliberate indifference of the County to the pattern, practices, customs and policies described.

33. As a direct and proximate result of Defendants' acts and omissions as described above, Plaintiff has suffered and continues to suffer damages, according to proof at trial.

## THIRD CAUSE OF ACTION FOR ASSAULT
### (By Plaintiff against all Defendants)

34. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 28, inclusive, as if fully set forth herein.

35. Plaintiff asserts a claim of assault against Defendants, based upon the conduct of the individual Defendants, as aforescribed. Physically subjecting Plaintiff to a pat-down administered by a member of the opposite gender, when same-gender deputies were available, also constituted assaultive behavior. These actions were precipitated without reasonable suspicion or probable cause, which was the direct and legal cause of the resulting damage to Plaintiff. Plaintiff apprehended their imminent, illegal contact, immediately prior to each of these occurrences. Defendants' collective conduct was neither privileged nor justified under statute or common law.

36. The conduct of Defendant Deputies occurred in the course and scope of their employment. As a result, Defendant County is liable to Plaintiff via the *respondeat superior* doctrine.

37. As a direct and proximate result of Defendants' acts and omissions as described above, Plaintiff has suffered and continues to suffer damages, according to proof at trial.

//
//
//
//

10
COMPLAINT FOR CIVIL DAMAGES

## FOURTH CAUSE OF ACTION FOR BATTERY

### (By Plaintiff against all Defendants)

38. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 28, inclusive, as if fully set forth herein.

39. Plaintiff asserts a claim of battery against Defendants, based upon the conduct of Defendant Deputies, as aforescribed. There was no legally cognizable justification for touching Plaintiff, without reasonable suspicion or probable cause, including the opposite sex pat down and the placement of handcuffs on Plaintiff's person, which were the direct and legal causes of the resulting damage to Plaintiff. Defendants' conduct was neither privileged nor justified under statute or common law.

40. The conduct of Defendant Deputies occurred in the course and scope of their employment. As a result, Defendant County is liable to Plaintiff via the *respondeat superior* doctrine.

41. As a direct and proximate result of Defendants' acts and omissions as described above, Plaintiff has suffered and continues to suffer damages, according to proof at trial.

## FIFTH CAUSE OF ACTION FOR NEGLIGENCE

### (By Plaintiff against all Defendants)

42. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 28, inclusive, as if fully set forth herein.

43. At all times mentioned herein, Defendants were subject to a duty of care towards citizens, by which they were required to use reasonable diligence to avoid causing unnecessary physical harm and emotional distress to citizens, in the exercise of their law enforcement functions. This cause of action accordingly asserts a claim for negligence against all Defendants based on Plaintiff's allegations that all Defendants owed a duty of care to Plaintiff, that Defendants breached that duty of care by detaining Plaintiff, subjecting him to the assault of having a gun pointed to

1  her head and searching her person, even though Defendants knew or should have
2  known that Plaintiff had broken no laws. Plaintiffs are further informed and believe
3  and thereon allege that Defendant County negligently hired, retained, supervised,
4  trained, assigned and failed to discipline the employees involved in the incident.
5  Plaintiffs allege that Defendants' negligence was a direct and legal cause of the
6  damages he suffered.

7  44. The conduct of Defendant Deputies occurred in the course and scope of
8  their employment. As a result, Defendant County is liable to Plaintiff via the
9  *respondeat superior* doctrine.

10 45. As a direct and proximate result of Defendants' acts and omissions as
11 described above, Plaintiff has suffered and continues to suffer damages, according to
12 proof at trial.

## SIXTH CAUSE OF ACTION FOR FALSE IMPRISONMENT
**(By Plaintiff against all Defendants)**

15 46. Plaintiff repeats and incorporates by reference the allegations contained
16 in paragraphs 1 through 28, inclusive, as if fully set forth herein.

17 47. Defendant Deputies have detained Plaintiff maliciously and without
18 reasonable suspicion, probable cause, a warrant or any other legal authority of any
19 kind. These actions were taken even though Plaintiff had committed neither a crime
20 nor any public offense. Defendant Deputies did not have reasonable cause to believe
21 that Plaintiff had committed any crime or public offense.

22 48. Defendant Deputies forcibly detained and thereby imprisoned Plaintiff,
23 until her eventual release.

24 49. As a direct and proximate result of Defendants' acts and omissions as
25 described above, Plaintiff has suffered and continues to suffer damages, according to
26 proof at trial.

27 //
28 //

## SEVENTH CAUSE OF ACTION FOR NEGLIGENT TRAINING, HIRING AND RETENTION

### (By Plaintiff against Defendant County)

50. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 28, inclusive, as if fully set forth herein

51. Defendant County had the power, as well as the ability, authority, and duty to supervise, control and train County personnel, including DOE Defendants does 1 through 10, inclusive. Defendant County failed to perform these responsibilities and in so doing negligently failed to prevent Plaintiff's injuries.

52. Defendant County acted knowingly, or with gross negligence, or with deliberate indifference to the constitutional rights of Plaintiff. Defendant County maintained, fostered, condoned or else failed to correct an official policy, practice, or custom of permitting the occurrence of the types of wrongs set forth in this Complaint for Damages. Defendant County further failed to properly train, supervise, retrain, monitor, or take corrective action with respect to the law enforcement agents described herein, so that each is liable to Plaintiff for damages suffered herein.

53. As a direct and proximate result of Defendant County's acts and omissions as described above, Plaintiff has suffered and continues to suffer damages, according to proof at trial.

## EIGHTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (By Plaintiff against Individual Defendants)

54. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 28, inclusive, as if fully set forth herein.

55. Defendants acted outrageously in engaging the aforesaid conduct. Defendants' acts and omissions were perpetuated with the intent to inflict or with reckless disregard of the probability of inflicting emotional distress on Plaintiff. Defendants each had a duty of care to protect Plaintiff from injury and harm,

including emotional distress, and a statutory duty to abstain from injuring Plaintiff pursuant to California Civil Code § 1708.

56. As a direct and proximate result of Defendants' acts and omissions as described above, Plaintiff has suffered and continues to suffer damages, according to proof at trial.

## NINTH CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

**(By Plaintiff only against all non-government entity, individually named Defendants)**

57. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 28, inclusive, as if fully set forth herein.

58. Defendants had a legal duty to not engage in any conduct that would cause Plaintiff to suffer severe and serious emotional distress.

59. By engaging in conduct that caused Plaintiff to suffer severe emotional distress, and physical injuries, Defendants have negligently breached their duty of care not to engage in the conduct alleged herein. Defendants, knew or reasonably should have known that their actions were likely to result in emotional harm, and severe distress to Plaintiff.

60. As a proximate result of the actions of Defendants, Plaintiff sustained physical and emotional injuries, including the infliction of mental anguish, distress, and suffering, which has caused Plaintiff to experience triggered and non-triggered panic attacks, nervousness, depression, and suffering loss of sleep, let alone the loss of comfort in society and ability to be the person she was before this incident. As a result, Plaintiff has suffered economic and non-economic damages to be proven at trial.

61. As a direct and proximate result of Defendants' acts and omissions as described above, Plaintiff has suffered and continues to suffer damages, according to proof at trial.

## DAMAGES

62. As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish, all to her damage in an amount according to proof at the time of trial. In doing the acts herein alleged, Defendant Deputies, and each of them, acted with oppression, fraud, malice, and in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages, in an amount according to proof at the time of trial.

63. As a proximate result of Defendants' conduct, Plaintiff suffered pain and emotional injuries. As a further proximate result of Defendants' conduct, Plaintiff suffered emotional mental distress, fear, terror, anxiety, humiliation, embarrassment and loss of her sense of security, dignity and pride as a Black citizen of the United States.

64. The conduct of Defendant Deputies was malicious, wanton and oppressive. Plaintiff is therefore entitled to an award of punitive damages against Defendant Deputies. Plaintiff is informed and believes and upon such alleges that the aforementioned acts of Defendant Deputies were willful, malicious, intentional, oppressive, and reckless and/or were done in willful and conscious disregard of the rights, welfare and safety of plaintiff, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

65. Plaintiff found it necessary to engage the services of private counsel to vindicate her rights under the law. Plaintiff is therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of her civil rights, pursuant to 42 U.S.C. §1988.

## REQUEST FOR RELIEF

66. WHEREFORE, Plaintiff respectfully requests that judgment enter in favor of Plaintiff and against Defendants and each of them as follows:

    a.    On all claims, for general and special damages according to proof;

b. On the claims against Defendant Deputies, for exemplary and punitive damages according to proof;

c. On all claims, for costs, interest and reasonable attorney's fees;

d. On all claims for violation of 42 U.S.C. § 1983, Plaintiff requests that this Court award monetary damages via 42 U.S.C. §1988, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured.

e. For such other relief as is just and proper.

**Dated: June 3, 2016**

**Respectfully Submitted**

By _[signature]_

**Amina Trinity Bennett-Martin,
Plaintiff in Pro Per**

## DEMAND FOR JURY TRIAL

67. Trial by jury is hereby demanded for determination of all issues.

Dated: June 3, 2016

                         **Respectfully Submitted**

By _/s/ Amina Trinity Bennett-Martin_
Amina Trinity Bennett-Martin,
Plaintiff in Pro Per

COMPLAINT FOR CIVIL DAMAGES